**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KERI MCELMURRY; KAREN MRAZEK,
individual and on behalf of all
similarly situated,
            *Plaintiffs-Appellants,*

                v.

U.S. BANK NATIONAL ASSOCIATION,
and its affiliates and subsidiaries,
            *Defendant-Appellee,*

                and

DOES 1-25,

                *Defendant.*

No. 05-36047

D.C. No.
CV-04-00642-DJH

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

In re: Keri McElmurry; In re: Karen Mrazek, individually and on behalf of all similarly situated,

Keri McElmurry; Karen Mrazek, individual and on behalf of all similarly situated,

*Petitioners,*

v.

United States District Court for the District of Oregon,

*Respondent,*

U.S. Bank National Association, and its affiliates and subsidiaries; Does 1-25,

*Real Parties in Interest.*

No. 05-76425

D.C. No.
CV-04-00642-ALH

OPINION

Petition for Writ of Mandamus to the
United States District Court for the
District of Oregon

Argued and Submitted
February 5, 2007—Portland, Oregon

Filed August 8, 2007

Before: Dorothy W. Nelson, Andrew J. Kleinfeld, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

**COUNSEL**

Jacqueline L. Koch, Koch & Deering, Portland, Oregon, for the petitioners.

Timothy R. Volpert and Christopher McCracken, Davis Wright Tremaine LLP, Portland, Oregon, for the respondent.

**OPINION**

BYBEE, Circuit Judge:

Plaintiffs-Appellants Keri McElmurry and Karen Mrazek bring this interlocutory appeal from a district court order

denying their motion to issue notice of a collective action brought under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). We hold that the collateral order exception to the final judgment rule is inapplicable here because the district court's order is not "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949). We thus dismiss Appellants' interlocutory appeal for lack of appellate jurisdiction. We also deny Appellants' petition for a writ of mandamus.

I

Appellants are current or former employees of U.S. Bank National Association ("U.S. Bank"). They brought suit to recover overtime pay allegedly denied them, in violation of the FLSA. The FLSA requires employers to pay time-and-a-half for hourly work in excess of forty hours per week. *See* 29 U.S.C. § 207(a). Appellants allege that U.S. Bank underpaid them because the bank's conversion chart required hourly U.S. Bank employees to round down the actual time worked to the next lowest tenth of an hour[1] and, according to the complaint, they were underreporting their hours. Appellants brought their claim as a collective action under the FLSA, which authorizes an employee to bring an action on behalf of "himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Here, the asserted "similarly situated" employees were other workers governed by U.S. Bank's timekeeping practices.

A "collective action" differs from a class action. *See generally* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7B Fed. Prac. & Proc. § 1807 (3d ed. 2005). In a class

---

[1] If, for example, an employee worked 0-5 minutes, the chart indicated a conversion to 0.0 hours, if an employee worked 6-11 minutes, the chart indicated a conversion to 0.1 hours, and so on.

action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt *out of* the suit. By contrast, in a collective action each plaintiff must opt *into* the suit by "giv[ing] his consent in writing." 29 U.S.C. § 216(b). As result, unlike a class action, only those plaintiffs who expressly join the collective action are bound by its results. *See* 29 U.S.C. § 256; *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 758-59 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989). Because non-parties to a collective action are not subject to claim preclusion, giving notice to potential plaintiffs of a collective action has less to do with the due process rights of the potential plaintiffs and more to do with the named plaintiffs' interest in vigorously pursuing the litigation and the district court's interest in "managing collective actions in an orderly fashion." *Hoffmann-LaRoche*, 493 U.S. at 173. Although § 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, the Supreme Court held in *Hoffman-LaRoche* that it is "within the discretion of a district court" to authorize such notice. *Id.* at 171; *see Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (a district court "may authorize the named plaintiffs . . . to send notice to all potential plaintiffs"). In this case, after extensive discovery, Appellants twice asked the district court to approve notice to potential plaintiffs and to toll the statute of limitations pending the notice process. The district court denied both requests. The current appeal is from the district court's second order, dated October 7, 2005, denying Appellants' request for notice and rejecting as moot a request to toll the statute of limitations. Subsequent to that order, Appellants filed both this appeal and a petition for a writ of mandamus.

## II

**[1]** The threshold issue is whether we have appellate jurisdiction over the district court's order denying Appellants' motion for notice to putative class members. The order is not

a final decision subject to appeal under 28 U.S.C. § 1291,[2] and Appellants did not seek certification under 28 U.S.C. § 1292.[3] Consequently, the district court's order is appealable only if it falls within the collateral order exception to the final judgment rule. *See Cohen*, 337 U.S. at 546-47.

**[2]** Under the collateral order exception, an appellate court "may exercise its § 1291 jurisdiction to review a district court order that is not a final decision." *Does I thru XXIII*, 214 F.3d at 1066. This is "a narrow exception to the requirement that all appeals under § 1291 await final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). Jurisdiction exists in only a "small class" of cases that are deemed "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546. To qualify as a collateral order suitable for appellate review, an order must: 1) "conclusively determine the disputed question"; 2) "resolve an important issue completely separate from the merits of the action"; and 3) "be effectively unreviewable on appeal from a final judgment." *Does I thru XXIII*, 214 F.3d at 1066 (quoting *Coopers & Lybrand*, 437 U.S. at 468). Because collateral jurisdiction requires all three elements, we lack collateral order jurisdiction if even one is not met. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987).

---

[2]Section 1291 provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

[3]Under 28 U.S.C. § 1292(b), had plaintiffs sought and received from the district court a statement that the denial of motion for notice "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation," we would "have jurisdiction of [the] appeal" and could, "in [our] discretion, permit [the] appeal to be taken . . . ."

**[3]** The district court's order denying Appellants' motion for notice would not be "effectively unreviewable" if we do not exercise jurisdiction. An order is deemed effectively unreviewable only where " 'the legal and practical value of [the right at stake will] be destroyed if [ ] not vindicated before trial.' " *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (quoting *United States v. MacDonald*, 435 U.S. 850, 860 (1978)). For example, in *Cohen*, the defendants appealed when the district court denied their request that the plaintiffs post a bond for costs and attorneys fees under New Jersey law. *See Cohen*, 337 U.S. at 544-45. The Court held that the denial was immediately appealable because it was conclusive; the posting of a bond was collateral to the merits; and, if review were postponed to the termination of the case, "it [would] be too late effectively to review the present order and the rights conferred by the statute, if it is applicable, [would] have been lost, probably irreparably." *Id.* at 546. Similarly, in *Does I Thru XXIII*, the district court dismissed a "John Doe" complaint brought under the FLSA, but with leave to amend the complaint with the plaintiffs' true names. *See* 214 F.3d at 1062. The plaintiffs appealed the order, arguing that they feared that if their names were revealed they would be fired from their employment, deported, and jailed in their home country. *See id.* We accepted the appeal and explained the plaintiffs' dilemma:

> If plaintiffs amend their complaint to state their true names, plaintiffs will lose the opportunity to have the anonymity question decided by an appellate court. Plaintiffs could obtain immediate review by not amending their complaint and instead allowing the district court to enter a final judgment. But if they lose on appeal of the anonymity issue, they will have lost the option to pursue their FLSA claims under their real names because the district court will have already entered a final judgment dismissing the case.

*Does I thru XXIII*, 214 F.3d at 1067.

**[4]** We cannot see that Appellants will forfeit the opportunity to raise their arguments on an appeal from a final judgment in this case. Appellants argue that the statute of limitations will continue to run, and that some employees may lose their opportunity to participate in a collective action if they wait until after an appeal from final judgment. Although employees who may be similarly situated but have not opted-in to the action are not bound by its conclusion, and may pursue their actions individually, *see Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 906 n.9 (9th Cir. 2004), we understand Appellants' concern. However, these arguments have been made in the context of class action suits as well, and it is well-established that there is no collateral order jurisdiction over a district court decision to certify or not to certify a class action under Rule 23. *See Coopers & Lybrand*, 437 U.S. at 477 (no collateral jurisdiction over appeal from order refusing to certify the class); *Blackie v. Barrack*, 524 F.2d 891, 895 (9th Cir. 1975) (no collateral jurisdiction over appeal from order certifying the class). Although, as we have pointed out, there are differences between a collective action brought pursuant to § 216(b) and a class action brought under Rule 23, those differences are not relevant to whether we may exercise collateral order jurisdiction. *See Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931-32 & n.2 (5th Cir. 2005) (applying *Coopers & Lybrand*, by analogy, to collective actions).[4]

---

[4]Appellants point out that Rule 23 now provides that "A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification . . . ." FED. R. CIV. P. 23(f). This provision, adopted in 1998, abrogates *Coopers & Lybrand* to the extent it permits interlocutory review of class certification decisions. *See Baldridge*, 404 F.3d at 932. It does not, however, affect the reasoning in *Coopers & Lybrand*. Moreover, because there is no comparable interlocutory review provision in § 216(b), Rule 23(f) only strengthens our conclusion.

**[5]** Our conclusion is consistent with the views of the other circuits that have addressed collateral order jurisdiction over § 216(b) collective action decisions. Those courts have uniformly held that they lacked jurisdiction over the appeal, both where the district court has certified and decertified the collective action. The Sixth Circuit addressed the question most recently in *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006). Wal-Mart appealed a district court order granting the plaintiffs' request for notice to potential plaintiffs in the region. *See id.* at 545. The Sixth Circuit held that it lacked jurisdiction: "there is no reason our court could not, following an appeal from final judgment, determine that part or all of the plaintiff group was improperly deemed to be similarly situated and therefore improperly notified and included by opt-in. We see no obstacle to our court's later review of this issue." *Id.* at 549. *See also Baldridge*, 404 F.3d at 931; *Lusardi v. Xerox Corp.*, 747 F.2d 174, 177-78 (3d Cir. 1984). The Third Circuit came to the same conclusion in a case in which the district court first certified and then decertified the collective action. *See Lusardi v. Lechner*, 855 F.2d 1062, 1065 (3d Cir. 1988). The court concluded that "[a] decertification order is reviewable upon appeal from a final judgment. Therefore, such an order . . . fails to fall within the *Cohen* 'collateral order' exception." *Id.* at 1068-69 (citation omitted).

Appellants contend that the district court erred by considering evidence that goes to the merits. They point to language in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), that "a preliminary determination of the merits may result in substantial prejudice" because it "may color the subsequent proceedings." *Id.* at 177-78. *Eisen* was an interlocutory appeal of an order allocating the costs of providing notice in a Rule 23 class action. *See id.* at 167-69. However, the language in *Eisen* that Appellants invoke referred to the district court's decision on the merits, not to the Court's consideration of the jurisdictional question. Contrary to Appellants' arguments, *Eisen* did not rely on burdens in discovery to support interlocutory jurisdiction. Rather, *Eisen* observed that the order at

issue resembled the posting of a bond for costs, *see Cohen*, 337 U.S. 541, the effects of which could not be reversed on appeal. *See* 417 U.S. at 171-72. *Eisen* provides no support for appeal of the district court's order here. *See Coopers & Lybrand*, 437 U.S. at 468 & n.9 (distinguishing *Eisen* from *Cohen*).

**[6]** We have reviewed Appellants' remaining arguments and find them without merit. Appellants have twice requested notice to potential plaintiffs; nothing in the district court orders would preclude the court from revisiting its decision during subsequent proceedings. *See Comer*, 454 F.3d at 548-49; *Baldridge*, 404 F.3d at 931-32. In any event, the district court's decision is reviewable in an appeal from a final judgment. We lack jurisdiction over this appeal.

## III

**[7]** Alternatively, Appellants petition for a writ of mandamus, which would permit review of this otherwise nonappealable order. Mandamus is "an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). To issue a writ of mandamus, we must be "firmly convinced that the district court has erred and that the petitioner's right to the writ is clear and indisputable." *Credit Suisse v. U.S. Dist. Court*, 130 F.3d 1342, 1345 (9th Cir. 1997); *see also United States v. Austin*, 416 F.3d 1016, 1024 (9th Cir. 2005) (reviewing for clear error).

**[8]** We have identified five factors for determining whether mandamus relief is warranted:

> (1) "[petitioner] has no other adequate means, such as a direct appeal, to attain the relief he or she desires"; (2) "[t]he petitioner will be damaged or prejudiced in a way not correctable on appeal"; (3) "[t]he district court's order is clearly erroneous as a

matter of law"; (4) "[t]he district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules"; and (5) "[t]he district court's order raises new and important problems, or issues of law of first impression."

*Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977) (citations omitted). The first two factors are not met here, for all the reasons we have discussed in the previous section. Consequently, we will deny the petition for a writ of mandamus.

IV

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction and deny Appellants' petition for a writ of mandamus.

**Appeal DISMISSED; Petition DENIED.**